IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTUAN L. BLOCKER,

        Plaintiff,                            CV 04-1728-CO
                                                FINDINGS AND RECOMMENDATION

      v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

COONEY, Magistrate Judge:

## INTRODUCTION

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and supplemental social

1 - FINDINGS AND RECOMMENDATION

security income benefits under Titles II and IX of the Social Security Act. The court has jurisdiction under 42 USC § 405(g). The Commissioner's decision should be affirmed.

## BACKGROUND

Plaintiff protectively filed for disability insurance benefits and supplemental security income benefits on May 9, 2002. Tr. 80. His applications were denied on October 4, 2002. Tr. 32, 382. The applications were denied upon reconsideration. Tr. 39, 387. Plaintiff requested a hearing before an administrative law judge (ALJ), and the ALJ held a hearing on January 7, 2004. Tr. 395-413.

On April 2, 2004, , the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 19-29. Plaintiff requested administrative review of the decision. Tr. 17. Plaintiff filed a brief with the Appeals Council on September 13, 2004. Tr. 390-394. The Appeals Council declined review. Tr. 7.

Plaintiff was born in 1964. Tr. 68. Plaintiff took special education classes and dropped out of high school in the 9th grade, but he obtained a general equivalency degree while in prison. Tr. 203. He has past relevant work experience as a gas station attendant, which was light and unskilled work as he performed it. Tr. 407. He alleges disability since December 15, 1999, due to hypertension, back pain, and brachial plexus injury of the right arm. Plaintiff also alleges he suffers from sleep apnea, leg numbness, borderline diabetes, and anxiety. Tr. 23.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir 1995), cert. denied, 517 U.S. 1122 (1996). To meet this burden, a claimant

must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more that a mere scintilla but less than a preponderance; it such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. Each step is potentially dispositive.

In step one, the Commissioner will find the claimant not disabled if the claimant is engaged in substantial gainful activity. Yuckert, 482 U.S. at 140; 20 C.F.R. § 416.920(b). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. Tr. 24, 28.

In step two, the Commissioner will find the claimant not disabled if the Commissioner determines that the claimant has no "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920©). The ALJ found that Plaintiff's right arm problems, intellectual deficits, and substance abuse in reported sustained remission were severe impairments, but that his hypertension, sleep apnea, back complaints, and other alleged mental impairments were non-severe. Tr. 24, 28.

In step three, the Commissioner will presume conclusively that the claimant is disabled if the Commissioner determines that the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(d). The criteria for these listed impairments are enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments). The ALJ found that Plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 24-25, 28.

If the adjudication proceeds beyond step three, the Commissioner must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by his impairments. 20 C.F.R. § 416.945(a); Social Security Ruling (SSR) 96-8p. The ALJ determined that Plaintiff could perform light work. Tr. 27, 28. The ALJ also found Plaintiff had limited ability to push, pull, reach, finger, and feel; he could occasionally climb and balance, but could not crawl; and he had to avoid heights and hazardous machinery, except motor vehicles. Tr. 27-28.

In step four, the Commissioner will find the claimant not disabled if the Commissioner determines that the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(e). The ALJ found that Plaintiff could perform his past relevant work as a gas station attendant, and, therefore, Plaintiff was not disabled. Tr. 28-29.

If the adjudication reaches step five, then the Commissioner must determine whether the claimant can perform other work that exists in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 416.920(e), (f). Here the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can do. Yuckert, 482 U.S. at 141-42; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). If the Commissioner meets this burden, then the claimant is not disabled. 20 C.F.R. § 416.966. The ALJ did not reach step five, because he found Plaintiff could perform his past relevant work.

## DISCUSSION

Plaintiff argues that the ALJ improperly: 1) found he did not meet or equal a listed impairment; 2) rejected Dr. Burns's opinion; 3) rejected his wife's written statement; and 4) relied on an incomplete hypothetical question to the vocational expert.

### I. PLAINTIFF'S TREATING PHYSICIAN

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting the opinion of Plaintiff's treating psychologist Caleb Burns, Ph.D.. Plaintiff argues that, if credited, Dr. Burns's opinion establishes that Plaintiff meets Listings 12.05C and 12.05D..

The ALJ is responsible for resolving conflicts and ambiguities in medical evidence. See Batson v. Commissioner of SSA, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ must provide clear and convincing reasons, supported by substantial evidence in the record, for rejecting the uncontradicted opinion of a claimant's treating physician. See Morgan v. Commissioner of SSA, 169 F.3d 595, 600 (9th Cir. 1999). If a treating physician's opinion is contradicted by another doctor, the ALJ may reject it by providing specific, legitimate reasons supported by substantial evidence in the record. Id. at 600-601. The opinions of non-treating or non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. Id. at 600.

An examining physician's opinion alone constitutes substantial evidence in support of the ALJ's decision. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An ALJ may reject any physician's opinion that is not supported by the record as a whole. See Batson, 359 F.3d at 1195.

The ALJ is not bound by a physician's opinion on the ultimate issue of disability. Id. at 600; See Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). This issue is reserved to the ALJ. See 20 C.F.R. § 404.1527(e); SSR 96-5p at *2.

In this case, Dr. Burns's opinion was contradicted by the opinions of other physicians, which the ALJ relied upon in rejecting Dr. Burns's opinion. Tr. 25. Therefore, the ALJ was required to provide specific, legitimate reasons for discounting Dr. Burns's opinion.

The ALJ discounted Dr. Burns's opinion of plaintiff's functional capacity and inability to work based on the opinions of Dr. Lawrence Hipshman, M.D, an examining psychiatrist. Tr. 25. Dr. Hipshman found that Plaintiff's intelligence was "low normal", but it was "not a primary problem." Tr. 274. Dr. Hipshman found that Plaintiff's years in prison without receiving antidepressant

medication indicated his depressive symptoms were "muted." Tr. 275. Dr. Hipshman also found that Plaintiff was possibly malingering. Tr. 275.

The ALJ also relied upon the opinions from the state agency reviewing psychologists. Tr. 25. They found that Plaintiff could work again as a gas station attendant based on Plaintiff's work history and adequate independent functioning. Tr. 253-257. Their opinions are consistent with other evidence in the record. The ALJ gave specific, legitimate reasons supported by substantial evidence for rejecting the opinion of Dr. Burns.

## II. PLAINTIFF'S IMPAIRMENTS

Plaintiff contends that his impairments met Listings 1.02(B), 11.00©), 12.05©) and 12.05(D). Plaintiff also contends that ALJ failed to make sufficient findings to show his impairments did not equal a Listing in violation of 20 C.F.R. §§ 404.1526, 416.926 and Marcia v. Sullivan, 900 F.2d 172 (9th Cir. 1990). Plaintiff has the burden to prove that his impairments met each of the requirements of a listed impairment. Tackett, 180 F.3d at 1099. Plaintiff also has the burden to prove that his impairments equaled a listed impairment. See Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001).

A. Listing 1.02)

Listing 1.02B requires extreme loss of function in both upper extremities. The record reflects that only Plaintiff's right arm was impaired. Therefore, the ALJ properly found that Plaintiff did not meet this listing.

B. Listing 11.00C

Listing 11.00C involves neurological disorders and the degree of interference with locomotion or use of fingers, arms, and hands. The ALJ found that neither Dr. Robert A. Berselli, MD., nor Dr. Neal Rendleman, M.D., both examining physicians, indicated that Plaintiff could not work, and that

Plaintiff worked as a gas station attendant despite his right arm injury. Tr. 27, 193-196, 199-200. The ALJ properly found that Plaintiff did not meet this listing.

C. Listing 12.05C

Listing 12.05, Mental Retardation, requires that a claimant satisfy the "diagnostic description in the introductory paragraph and any one of the four sets of criteria." Listing 12.05C, in addition to requiring that the claimant satisfies the introductory paragraph, also requires that a claimant have both a valid intelligence quotient (I.Q.) score of 60 through 70 and another severe physical or mental impairment. An ALJ may reject an I.Q. score if it is inconsistent with a claimant's actual level of functioning. See Clark v. Apfel, 141 F.3d 1253, 1255 (8th Cir. 1998). The Listing also requires that the narrative reports from medical sources comment on the validity of the scores as well as whether the scores are consistent with the developmental history and the degree of functional limitation. Listings 12.00(D)(6).

The ALJ properly found that Plaintiff's treatment records and his actual level of functioning indicated that he functioned at a level that was inconsistent with mental retardation. Tr. 25. The ALJ's conclusions are support by substantial evidence in the record which shows that plaintiff was able to obtain employment with minimal lifting requirements Tr. 156, Dr. Lawrence Hipshman, M.D. also expressed the opinion that Plaintiff's "low normal" intelligence might be due to malingering Tr. 275, and Plaintiff was able to work for many years Tr. 77.

D. Listing 12.05D

Listing 12.05D requires a valid I.Q. score of 60 through 70 plus two of the following: marked restrictions of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decomposition

of extended duration. Although Dr. Burns found that Plaintiff had two areas of marked limitations Tr. 221-222, the ALJ properly rejected Dr. Burns's opinion. Therefore, the ALJ properly found that Plaintiff did not meet this Listing.

E. Equivalence

"An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalency." Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005). In this case, as in Lewis v. Apfel, 236 F.3d 503, 514 99th Cir. 2001), Plaintiff does not offer a plausible theory or point to evidence that demonstrates how him impairments combined to equal a listed impairment. Therefore, the ALJ was not required to discuss the combined effects of all the Plaintiff's impairments or compare them to any listing. Burch, 400 F.3d at 683.

The ALJ properly found that Plaintiff's conditions did not meet or equal any listing. Plaintiff did not present any evidence to demonstrate that his impairments in any combination met or equaled any listing. See Burch, 400 F.3d at 682-683.

III. **CREDIBILITY DETERMINATIONS**

Plaintiff contends the ALJ improperly rejected the written statement of Plaintiff's wife. An ALJ must give germane reasons for rejecting lay witness testimony. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ may properly reject lay witness testimony that conflicts with the medical evidence. Id.

In this case, the ALJ rejected the statements of Plaintiff's wife, finding that the records from treating sources do not support the allegations of significant limitations in the Plaintiff's mental functional abilities. Tr. 27. The ALJ found there was no corroboration for her opinion. Tr. 27. The

9 - FINDINGS AND RECOMMENDATION

ALJ noted that in the past the Plaintiff had been able to work to support substantial polysubstance abuse, that he was able to work in the past despite his physical limitations. Tr. 27 There is substantial evidence in the record to support the ALJ's credibility assessment. The ALJ gave germane reasons for concluding Plaintiff's wife not credible.

IV. **HYPOTHETICAL QUESTION**

Plaintiff contends that the ALJ improperly found him not disabled based on an incomplete hypothetical question to the vocational expert. The ALJ considered all the evidence and posed his vocational hypothetical question based on the limitations supported by the record as a whole. Because the ALJ properly rejected Dr. Burns's opinion and the statements of Plaintiff's wife, the ALJ did not have to include these limitations in his hypothetical question. See Osenbrock v. Apfel, 240 F.3d 1157, 1163-1165 (9th Cir. 2001).

**RECOMMENDATION**

Based on the foregoing, the ALJ's determination was based on proper legal standards and supported by substantial evidence. The Commissioner's final decision should be affirmed and final judgment should be entered pursuant to sentence four of 42 USC § 405(g) dismissing this case with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the

Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___12___ day of August, 2005.

_____/s/_____
John P. Cooney
United States Magistrate Judge